IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02102-BNB

FRANKIE L. MCCONNELL, also known as
FRANKIE MCCONNELL,

    Plaintiff,

v.

MICHELLE ABEYTA,
LAURA TAFOYA,
JOHN SCOLERI, and
K. STEENBERGEN,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Frankie L. McConnell, also known as Frankie McConnell, resides in Aurora, Colorado. On July 29, 2014, she filed *pro se* an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) and a Complaint (ECF No. 1) asserting civil rights claims for money damages, apparently pursuant to 42 U.S.C. § 1983, arising from her prior incarceration. On July 29, she also filed a letter (ECF No. 4) asking for me to recuse from presiding over this case.

    On July 29, 2014, Magistrate Judge Boyd N. Boland entered an order directing Ms. McConnell to show cause within thirty days why the Complaint and action should not be dismissed as repetitive of *McConnell v. Abeyta,* Civil Action No. 14-cv-00274-LTB (D. Colo. Mar. 21, 2014), *appeal dismissed for lack of prosecution*, No. 14-1171 (10th Cir. June 12, 2014). On August 27, 2014, Ms. McConnell submitted another letter (ECF No. 6) apparently in response to the July 29 order.

The Court must construe Ms. McConnell's filings liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979); *see also Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972) (A court may consult its own records to determine whether a pleading repeats pending or previously litigated claims.)

The Court first will address Ms. McConnell's July 29 letter requesting my recusal. The letter states in its entirety as follows: "I'm asking the Court, grave concern that Lewis Babcock, not preside over my case." ECF No. 4 at 1. Because of Ms. McConnell's *pro se* status, I will construe the request for recusal as a motion under 28 U.S.C. § 455, as well as 28 U.S.C. § 144. Plaintiff fails to demonstrate that disqualification is appropriate pursuant to either §§ 144 or 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based on personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). Rumor, speculation, opinions and the like do not suffice. *Id.* "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although

the Court must accept the facts alleged in a proper supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Here, Ms. McConnell has failed to satisfy the procedural requirements of 28 U.S.C. § 144 in at least two crucial ways. First, she has failed to file a supporting affidavit that is either sworn to or affirmed. *United States v. Peltier*, 553 F. Supp. 886, 890 n.10 (D. N.D. 1982); *In re Beecher*, 50 F. Supp. 530, 531 (E.D. Wash. 1943). In addition, there is no "certificate of counsel of record stating that [the supporting affidavit] is made in good faith." 28 U.S.C. § 144. As the court noted in *Williams v. New York City Housing Authority*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003):

> A pro se party cannot supply a certificate of counsel. For this reason, at least one court has concluded that a pro se plaintiff cannot bring an affidavit under 28 U.S.C. § 144. *See Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996). The court in *Robinson* noted that not only are the requirements of Section 144 strictly enforced, but the requirement for a certificate of counsel of record prevents abuse of the section's procedures. . . . In addition, the court stated that parties proceeding pro se have other mechanisms available to them to guard against biased or prejudiced judges. *Id.* (noting that 28 U.S.C. § 455 provides an equally applicable means of protest for pro se litigants). [Plaintiff's] affidavit, which is submitted pro se and without a certificate of counsel of record, fails on this threshold matter.

*Accord Glass*, 849 F. 2d at 1267 (holding that "§ 144 requires an affidavit of bias and prejudice, which must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel").

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate [judge] of the

3

United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Under § 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). "The decision to recuse is committed to the sound discretion of the district court." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted).

"The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification of a judge, to the contrary, it is the duty of the judge who is allegedly biased to pass on the sufficiency of the allegations." *See David v. City & County of Denver*, 837 F. Supp. 1094, 1095 (D. Colo. 1993). A judge has an obligation not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095. A judge is obligated not to recuse when there is no occasion for him to do, just as he is obligated to recuse when there is occasion to do so. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). If, however, disqualification under § 455(a) is a close question, the balance tips in favor of recusal. *See Nichols*, 71 F.3d at 352.

Under 28 U.S.C. § 455(a), the judge's actual state of mind, purity of heart,

4

incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. *Id.* at 351; *Cooley*, 1 F.3d at 993. The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See Nichols*, 71 F.3d at 350-51; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Cooley*, 1 F.3d at 993 (emphasis in original). Application of 28 U.S.C. § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned. *Id.* Section 455(a) is not to be construed so broadly that recusal would be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)). Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. *See Cooley*, 1 F.3d at 993. The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

Ms. McConnell's request for my recusal is insufficient because it fails to show personal bias or prejudice. The recusal motion fails to make any argument that would demonstrate an appearance of partiality. Ms. McConnell's disagreement with my ruling in a prior case is not sufficient to demonstrate that disqualification is appropriate pursuant to 28 U.S.C. § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Therefore, the July

29 request for my recusal will be denied.

Ms. McConnell has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

As previously stated, the July 29 order (ECF No. 5) directed Ms. McConnell to show cause why the Complaint and the action should not be dismissed as repetitive of *McConnell v. Abeyta,* Civil Action No. 14-cv-00274-LTB (D. Colo. Mar. 21, 2014), *appeal dismissed for lack of prosecution*, No. 14-1171 (10th Cir. June 12, 2014).

Magistrate Judge Boland warned Ms. McConnell that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). He pointed out that "generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Park v. TD Ameritrade Trust Co., Inc.*, 461 F. App'x 753, 755 (10th Cir. Feb. 14, 2012) (quoting *Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir.1993) (internal quotation marks and citation omitted). He further pointed out that a duplicative suit may be dismissed for reasons of "wise judicial administration." *Serlin*, 3 F.3d at 223 (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (citing *Colorado River Water Conservation District v. United*

*States*, 424 U.S. 800, 817 (1976)); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (district court may dismiss a suit that is duplicative of another federal court suit); *accord Williams v. Madden*, 9 F. App'x 996, 997 & n.1 (10th Cir. June 13, 2001) (stating that the court has the authority to dismiss "repetitious litigation reasserting virtually identical causes of action").

In No. 14-cv-00274-LTB, Ms. McConnell filed a Prisoner Complaint against Michelle Abeyta, Laura Tafoya, John Scoleri, and K. Steenbergen for money damages pursuant to 42 U.S.C. § 1983. She challenged a disciplinary report she received while incarcerated from Defendant Michelle Abeyta charging her with threats and disobeying a lawful order. She alleged she was falsely convicted on January 12, 2012, by Defendants John Scoleri and K. Steenbergen, hearing officers at her disciplinary hearing, and sanctioned by twenty days of punitive segregation and the loss of thirty days of earned-time credits. She complained that Defendant Laurie Tafoya upheld the conviction on appeal. On March 21, 2014, the Court dismissed the action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). In the instant action, she makes similar allegations against the same Defendants seeking the same relief. Therefore, on July 29, Magistrate Judge Boland ordered Ms. McConnell to show cause within thirty days why the Complaint and the action should not be dismissed as repetitive of No. 14-cv-00274-LTB.

Ms. McConnell has failed within the time allowed to show cause as directed, or otherwise communicate with the Court in any way. Therefore, the Complaint and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous or malicious because the instant action is repetitive of No. 14-cv-00274-LTB, and pursuant to Rule

7

41(b) of the Federal Rules of Civil Procedure for Ms. McConnell's failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. McConnell files a notice of appeal she also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the request of July 29, 2014 (ECF No. 4) filed by Plaintiff, Frankie L. McConnell, also known as Frankie McConnell, seeking my recusal is denied. It is

FURTHER ORDERED that the Complaint (ECF No. 1) and the instant action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and malicious because the instant action is repetitive of *McConnell v. Abeyta,* Civil Action No. 14-cv-00274-LTB (D. Colo. Mar. 21, 2014), *appeal dismissed for lack of prosecution*, No. 14-1171 (10th Cir. June 12, 2014), and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Ms. McConnell's failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   5th   day of      September         , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court