IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02102-LTB

FRANKIE L. MCCONNELL, also known as
FRANKIE MCCONNELL,

    Plaintiff,

v.

MICHELLE ABEYTA,
LAURA TAFOYA,
JOHN SCOLERI, and
K. STEENBERGEN,

    Defendants.

## ORDER DENYING MOTIONS TO RECUSE AND RECONSIDER

Plaintiff, Frankie L. McConnell, filed *pro se* on October 6, 2014, a letter (ECF No. 9) seeking my recusal and on October 14, 2014, a letter (ECF No. 10) again seeking my recusal and asking to reopen this action. Ms. McConnell disagrees with the order of September 5, 2014 (ECF No. 7), dismissing this action pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and malicious because the action is repetitive of *McConnell v. Abeyta*, Civil Action No. 14-cv-00274-LTB (D. Colo. Mar. 21, 2014), *appeal dismissed for lack of prosecution*, No. 14-1171 (10th Cir. June 12, 2014), and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for her failure to prosecute.

The Court must construe the requests liberally because Ms. McConnell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the

motions for my recusal and to reconsider the dismissal of this action will be denied.

The Court first will address Ms. McConnell's requests for my recusal. In the October 6 letter Ms. McConnell asserts, with original grammar and typographical errors, as follows:

> I would like ask the Court dismiss Lewis T. Babcock from reside over my case. The reasons as follow he bias he fail to hold these peoples accountable for their action unfairly, unfavorable prejudice with evidence with he dismissed with prejudice, malicious intent. Identifying facts evidence was showing Ms. McConnell wasn't in housing unit. When Abeyta falsity documents her claim that Ms. McConnell, display aggressive behavior. The evidence wasn't allow at her hearing, now it's being dismiss. I was held accountable for my actions. For falsity documents against person.

ECF No. 9 at 1.

In the October 14 letter Ms. McConnell asserts, with original grammar and typographical errors, as follows:

> I'm asking the Court to reopen my claim for the follow reason an also dismiss Lewis T. Babcock from my case. He is bias he fail me on several occasion I provide evidence which he overlook total ignore evidence never knowledge documents wasn't allow. Prejudice violate civil rights up held falsity claim Corrections Officer is suppose display honesty, respect and a commitment to professional. Ms. Abeyta unethical behavior and conduct. After Ms. McConnell brought to the attention Admin. Head totally ignore her Abetya continue with her scornful remarks against Ms. McConnell. I was held accountable for my action unfairly unfavorable opinion. Abeyta wrote falsity document against Ms. McConnell which violate her constitutional rights. With grave concern I'm asking the Court to reopen this case.

ECF No. 10 at 1.

Because of Ms. McConnell's *pro se* status, I will construe the requests for recusal

as a motion under 28 U.S.C. § 455, as well as 28 U.S.C. § 144.  Plaintiff fails to demonstrate that disqualification is appropriate pursuant to either §§ 144 or 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based on personal bias or prejudice either against the moving party or in favor of any adverse party.  Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice.  *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).  Rumor, speculation, opinions and the like do not suffice.  *Id.*  "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances."  *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  Although the Court must accept the facts alleged in a proper supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party.  *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988).  The moving party has a substantial burden "to demonstrate that the judge is not impartial."  *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Here, Ms. McConnell has failed to satisfy the procedural requirements of 28 U.S.C. § 144 in at least two crucial ways.  First, she has failed to file a supporting affidavit that is either sworn to or affirmed.  *United States v. Peltier*, 553 F. Supp. 886, 890 n.10 (D. N.D. 1982); *In re Beecher*, 50 F. Supp. 530, 531 (E.D. Wash. 1943).  In addition, there is no "certificate of counsel of record stating that [the supporting affidavit] is made in good faith."  28 U.S.C. § 144.  As the court noted in *Williams v. New York City Housing Authority*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003):

A pro se party cannot supply a certificate of counsel.  For

> this reason, at least one court has concluded that a pro se
> plaintiff cannot bring an affidavit under 28 U.S.C. § 144.  *See
> Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind.
> 1996).  The court in *Robinson* noted that not only are the
> requirements of Section 144 strictly enforced, but the
> requirement for a certificate of counsel of record prevents
> abuse of the section's procedures. . . .  In addition, the court
> stated that parties proceeding pro se have other
> mechanisms available to them to guard against biased or
> prejudiced judges.  *Id.* (noting that 28 U.S.C. § 455 provides
> an equally applicable means of protest for pro se litigants).
> [Plaintiff's] affidavit, which is submitted pro se and without a
> certificate of counsel of record, fails on this threshold matter.

*Accord Glass*, 849 F. 2d at 1267 (holding that "§ 144 requires an affidavit of bias and prejudice, which must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel").

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of partiality."  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "[W]hat matters is not the reality of bias or prejudice but its appearance."  *Liteky v. United States*, 510 U.S. 540, 548 (1994).  Under § 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality."  *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).  "The decision to recuse is committed to the sound discretion of the district court."  *Burger*, 964 F.2d at 1070 (citation omitted).

"The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification

of a judge, to the contrary, it is the duty of the judge who is allegedly biased to pass on the sufficiency of the allegations." *See David v. City & County of Denver*, 837 F. Supp. 1094, 1095 (D. Colo. 1993). A judge has an obligation not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095. A judge is obligated not to recuse when there is no occasion for him to do so, just as he is obligated to recuse when there is occasion to do so. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman v. Rogers*, 831 F.2d at 939. If, however, disqualification under § 455(a) is a close question, the balance tips in favor of recusal. *See Nichols*, 71 F.3d at 352.

Under 28 U.S.C. § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. *Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993. The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See Nichols*, 71 F.3d at 350-51; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Cooley*, 1 F.3d at 993 (emphasis in original). Application of 28 U.S.C. § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned. *Id.* Section 455(a) is not to be construed so broadly that recusal would be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)). Section 455(a) should not be read to warrant the transformation of a litigant's

fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial.  See *Cooley*, 1 F.3d at 993.  The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.  See *Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

Ms. McConnell's requests for my recusal are insufficient because they fail to show personal bias or prejudice.  The recusal motion fails to make any argument that would demonstrate an appearance of partiality.  Ms. McConnell's disagreement with my rulings here and in a prior case are not sufficient to demonstrate that disqualification is appropriate pursuant to 28 U.S.C. § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States,* 510 U.S. 540, 555 (1994).  Therefore, the October 6 and 14 requests for my recusal will be denied.

In the October 14 letter, Ms. McConnell moves the Court for relief from the September 5 dismissal order.  A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  See Fed. R. Civ. P. 59(e).  A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b).  See *Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).  Ms. McConnell's request for

reconsideration was filed thirty-nine days after the Court's Order of Dismissal and Judgment were entered on September 5. Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

As previously stated, on September 5, the Court dismissed the instant action as frivolous, malicious, repetitive of a prior action Ms. McConnell filed, and for failure to prosecute. The September 5 dismissal order discusses in detail the reasons for the dismissal. *See* ECF No. 7.

Rule 60(b) allows a court to grant relief from an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . ., misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged . . . ; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Accordingly, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990); *see also Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994) (relief under Rule 60(b) is appropriate only in extraordinary

circumstances.

In the instant case, Ms. McConnell's request for reconsideration does not satisfy any of these grounds for relief. After review of the motion and the entire file, the Court finds that Ms. McConnell fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Fed. R. Civ. P. 60(b) motion does not alter the Court's conclusion that this action properly was dismissed. Therefore, the Fed. R. Civ. P. 60(b) motion will be denied.

Accordingly, it is

ORDERED that the letters Plaintiff, Frankie L. McConnell, filed *pro se* on October 6 and 14, 2014 (ECF Nos. 9 and 10) seeking my recusal are denied. It is

FURTHER ORDERED that to the extent the letter Plaintiff filed on October 14, 2014, asked to reopen this action, which the Court has construed liberally as a motion seeking relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this __3rd__ day of __November__, 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court